**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **INTERLINK PRODUCTS INTERNATIONAL, INC.,** | ) ) ) | |
| **Plaintiff,** | ) ) | **No. 18 C 02344** |
| | ) ) | **Hon. Jorge L. Alonso** |
| **v.** | ) ) | **JURY TRIAL DEMANDED** |
| **ALDI, INC.,** | ) ) | |
| **Defendant.** | ) | |

**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant, ALDI, INC. ("Defendant"), for its Answer to the Complaint for Patent

Infringement of Plaintiff, INTERLINK PRODUCTS INTERNATIONAL, INC. ("Plaintiff"), by

and through its undersigned attorneys, states as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the patent laws of the
United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

**ANSWER:**      Defendant admits that the Complaint purports to state an action for patent

infringement.  Defendant denies infringing the patents as alleged in the Complaint.

**THE PARTIES**

2.      Interlink is a New Jersey corporation with its principal place of business at 1315
East Elizabeth Avenue, Linden, New Jersey 07036.

**ANSWER:**      Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.

3.    On information and belief, Defendant is an Illinois Corporation with its principal place of business at 1200 N. Kirk Road, Batavia, Illinois 60510.

**ANSWER:**    Admit.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the claims alleged pursuant to 28 U.S.C. §§ 1331 and 1338.

**ANSWER:**    Defendant admits this Court has subject matter jurisdiction over this action.

5.    This Court has personal jurisdiction over Defendant in that it does business regularly in this district and the claims at issue in this case arise out of or are related to Defendant's business activities with respect to this district. On information and belief, Defendant has its headquarters, resides and regularly imports (or causes to be imported), offers for sale, ships and sells, to customers located in this district, products that are the subject of the infringement allegations in this Complaint.

**ANSWER:**    Defendant denies that it "resides" in this District.  Defendant admits the remaining allegations contained in this paragraph.

6.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c). Defendant resides or otherwise maintains a regular place of business in this district.

**ANSWER:**    Admit.

## SUMMARY OF THE CLAIMS

7.    This is an action for infringement of U.S. Patent Nos. 7,299,510 ("the '510 Patent") and 7,373,954 ("the '954 Patent"), both of which are owned by Interlink. Each of those patents concern, in their respective preferred embodiments, distinct configurations of devices that are used in certain showerhead products known as "combo" or "dual" showerheads. In 2017, Interlink informed Aldi that it had been infringing the '510 Patent for years, and that Interlink had additional patents covering combo showerhead products, including the '954 Patent. Interlink warned Aldi that many of the combo showerheads imported from China infringe Interlink's patents and that Aldi should be careful to confirm that the showerheads it obtained going forward did not infringe Interlink's patents. Aldi, responded by representing that Interlink would be the front-runner to supply Aldi with combo showerheads the next time Aldi ran a combo showerhead promotion, and that Interlink would receive an invitation to bid for a planned promotional sale of

combo showerheads in early 2018. Aldi's promises turned out to be empty. Rather than allow Interlink to compete for Aldi's business, and despite Interlink's repeated notices and warnings, Aldi sourced products from its existing supplier that infringe the '954 Patent, and proceeded to sell those products in February 2018. Aldi also failed to provide any substantive follow up or response regarding its infringement of the '510 Patent. Interlink now seeks relief for Aldi's infringement of both the '510 and '954 Patents.

**ANSWER:** Defendant admits that Plaintiff purports to state an action for patent infringement. Defendant denies that it infringed Plaintiff's patents. Defendant admits that, in 2017, Plaintiff claimed that Defendant had been infringing the '510 Patent and informed Defendant about other patents Plaintiff claimed to own. Defendant admits that Plaintiff claimed that many imported showerheads from China infringe patents Plaintiff purported to own. Defendant denies that it "responded by representing that Interlink would be the front-runner to supply Aldi with combo showerheads the next time Aldi ran a combo showerhead promotion, and that Interlink would receive an invitation to bid for a planned promotional sale of combo showerheads in early 2018." Stating further, at the time Plaintiff communicated with Defendant regarding Plaintiff's alleged patents, the bidding process for the 2018 promotion had already concluded, and another vendor had already been chosen. Defendant denies that it did not "allow Interlink to compete for Aldi's business." Stating further, in the time between July 2017 and the present, Plaintiff has submitted at least one bid to supply products to Defendant for sale. Defendant admits that, for the 2018 showerhead promotion, it sourced products from its existing supplier following the supplier's completion of the bid process for the products, and that it sold these products in February 2018. Defendant denies that it "failed to follow up or response [sic]" regarding Plaintiff's allegation that Defendant infringed the '510 Patent. Defendant denies that it infringed the '510 Patent or the '954 Patent. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## FACTS APPLICABLE TO ALL COUNTS

8.      Interlink, is a New Jersey based company specializing in the development, production and marketing of innovative shower and bath products. The company was founded in 1996.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.

9.      Interlink's products include several lines of showerheads that can be purchased from various retailers both in stores and online.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.

10.      Defendant operates a chain of grocery stores that also sell various home goods, including showerheads during special promotions. In that regard, Defendant competes directly with Interlink in the retail showerhead markets, including the market for dual showerhead products.

**ANSWER:**    Defendant admits that it operates a chain of grocery stores that also sell

various home goods, including showerheads.  Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

11.      Defendant's dual showerhead products are sold or have been sold under the "Easy Home" brand.

**ANSWER:**    Admit.

12.      The dual showerhead products sold by Defendant that are the subject of this Complaint consist of two separate showerheads (one a fixed showerhead and the other a handheld sprayer showerhead) packaged with a plumbing device that serves as a combined water diverter and handheld shower holder. The diverter/holder has, among other features, an inlet for water to flow into the diverter, two outlets for water to flow out, a valve for controlling water flow to the diverter outlets, and a holder for the handheld sprayer. The fixed showerhead attaches to one of the diverter/holder outputs and a hose connects the handheld sprayer to the other output. The user can direct the flow of water between the showerheads using a knob on the diverter/holder. As sold to customers, Defendant's dual showerhead products are packaged such

that the diverter/holder must be connected to the fixed showerhead and handheld sprayer at the time of installation. Images showing examples of Defendant's dual showerhead products are attached as Exhibit A.

**ANSWER:**   Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph.


13.     In 2017, Interlink had various communications and a meeting with Aldi's Director of Corporate Buying, Zac Birkey. During the meeting and through various other communications prior to and after the meeting, Interlink notified Aldi that it had been infringing the '510 patent. Interlink further reviewed its combo showerhead intellectual property with Mr. Birkey, including the '954 Patent and certain products embodying the claims of that patent. Interlink explained that many combo showerheads imported to the U.S. market infringe the '510 or '954 Patents, and that, to the extent Aldi did not purchase combo showerheads from Interlink, Aldi should confirm that any combo showerheads it purchased going forward did not infringe the patents. Interlink even offered to tell Aldi whether any combo showerheads it planned to purchase fell within the scope of the patents.

**ANSWER:**   Defendant admits that it engaged in various communications with

Plaintiff's representatives beginning in or around July 2017, after the bid process for 2018

showerhead promotions had closed and Defendant had awarded the contract for showerheads to

another vendor.  Defendant admits that Plaintiff's representative alleged to Defendant that

products sold by Defendant infringed the '510 Patent.  Defendant denies that such products

infringed on the patents.  Defendant admits that Plaintiff's representative said that many

imported combination showerheads infringe on the '510 and '954 Patents and that Plaintiff's

representative said that to the extent Aldi did not purchase combo showerheads from Interlink,

Aldi should confirm that any combo showerheads it purchased going forward did not infringe the

patents.  Defendant denies that Plaintiff's representative offered to tell Defendant whether any

showerheads it planned to purchase fell within the scope of the patents.


14.     During the in-person meeting, Mr. Birkey indicated that, in light of Interlink's patents and prominent position in the showerhead industry, Interlink would be the preferred vendor for an upcoming combo promotion in 2018. Mr. Birkey explained that, in order for a

vendor to supply Aldi with products for any given promotion, the vendor must go through a competitive bid process in which it tenders its product offerings and pricing for consideration by a selection committee. He emphasized that the process was required for each separate promotion. Mr. Birkey further represented that Aldi would contact Interlink to start the submission of Interlink's tender for the combo showerhead promotion Aldi had scheduled for early 2018.

**ANSWER:**     Defendant denies that Mr. Birkey indicated that Plaintiff would be the "preferred vendor for an upcoming combo promotion in 2018." Stating further, at the time Mr. Birkey spoke with Plaintiff's representative, the bid process for the 2018 showerheads had already been completed and the contract awarded to another vendor. Defendant admits that Mr. Birkey explained the competitive bid process relating to product offerings and that a separate process was required for each separate promotion. Defendant denies that Mr. Birkey represented that Defendant would contact Plaintiff to start Plaintiff's tender of a bid for Defendant's 2018 combo showerhead promotion. At the time of Mr. Birkey's communications with Plaintiff's representative, the bid process for the 2018 showerhead promotion had already completed.

15.     Aldi's request for tender of a bid from Interlink never came. Interlink sent Aldi several email inquiries about the status of the matter, all of which went unanswered until, on January 19, 2018, Aldi ultimately informed Interlink the business was awarded to another vendor, without Aldi even considering Interlink's offerings.

**ANSWER:**     Defendant admits that it did not request a tender of a bid from Plaintiff with respect to the 2018 showerhead promotion, given that the bid process for the promotion had already concluded. Defendant admits that on or about January 19, 2018, it communicated to Plaintiff that the bid process for the 2018 showerhead promotion had been concluded. Stating further, the bid process had concluded before July 2017.

16.     As it turned out, Aldi gave the business to the same vendor to which it granted the business in previous years, apparently circumventing the tender submission process that Mr. Birkey previously described to Interlink as being essential for a vendor to be chosen to supply each of Aldi's promotional product runs. The products Aldi obtained from its existing vendor and ultimately sold infringe the '954 patent, exactly what Interlink had warned Aldi about

months beforehand. Despite Interlink's warnings, someone at Aldi decided not to conduct a valid product evaluation to avoid infringing Interlink's patents and ignored the information provided by Interlink, all in favor of maintaining a status-quo relationship with its existing vendor. Moreover, Aldi has altogether failed to address its past infringement of the '510 Patent.

**ANSWER:** Defendant admits that it purchased showerheads for the 2018 promotion from the same vendor it had contracted with the prior year. Defendant denies that it "circumvent[ed] the tender submission process." Stating further, Defendant's ultimate vendor submitted a bid under the tender submission process and was selected as a result of that process. Defendant denies that the products it obtained from its vendor infringe the '954 Patent. Defendant denies that it "decided not to conduct a valid product evaluation to avoid infringing" Plaintiff's patents or any other patents. Stating further, Defendant closely evaluated the products offered by its vendor for potential patent infringement prior to contracting with the vendor. Defendant denies that it infringed the '510 Patent.

## COUNT I
## CLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 7,373,954

17.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 16 as if fully set forth herein.

**ANSWER:** Defendant repeats and restates its answers to paragraphs 1 through 16 as if fully set forth herein.

18.     On May 20, 2008, United States Letters Patent No. 7,373,954 were issued to Eli Zhadanov, Interlink's President, and Sam Zhadanov. A copy of the '954 Patent is attached as Exhibit B. In general terms, the '954 Patent describes an invention centering on a specific configuration of a water diverter combined with a holder for a working device (such as a handheld shower sprayer). In one preferred embodiment, the invention of the '954 Patent serves as the diverter/holder in a dual showerhead product.

**ANSWER:** Defendant admits that papers purporting to be a copy of the '954 Patent are attached to the Complaint as Exhibit B. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

19.     Interlink was the exclusive licensee of the '954 Patent until it recently acquired all right title and interest in and to the '954 Patent, including the right to sue for past infringement of the '954 Patent and collect damages associated with such infringement. The assignment has been recorded with the United States Patent & Trademark Office and Interlink remains the owner of all right title and interest in and to the '954 Patent.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20.     Defendant's 2018 Easy Home "Multifunction 2-in-1 Showerhead Kit" (bar code 041498248611) and 2018 Easy Home "Rain Showerhead Combo Kit" (bar code 041498248604), depicted in Exhibit A to this Complaint, the holder/diverter sold with those models, and any other of Defendant's dual showerhead products employing holder/diverters that are identical or equivalent to the holder/diverters used in the foregoing products embody (literally or under the doctrine of equivalents) all the elements of all claims of the '954 Patent. On information and belief, Defendant has sold other models of dual showerhead products that infringe the '954 patent. (All of the showerheads accused of infringement in this paragraph are hereinafter referred to as "the 954 Showerheads.")

**ANSWER:**     Denied.

21.     Defendant has directly infringed the aforementioned claims of the '954 Patent by making, importing, using, selling and offering for sale the 954 Showerheads.

**ANSWER:**     Denied.

22.     Defendant has further infringed and infringes the claims of the '954 Patent by inducing others, including purchasers to make, assemble, install and use the infringing products.

**ANSWER:**     Denied.

23.     Through this Complaint, and through prior notice provided to Defendant, Interlink has notified Defendant of the '954 Patent and of the infringing nature of the 954 Showerheads.

**ANSWER:**     Defendant admits that Plaintiff notified Defendant of the existence of the '954 Patent.  Defendant admits that Plaintiff alleged that the 954 Showerheads infringed the '954 Patent.  Defendant denies that the "954 Showerheads" infringed the '954 Patent.

24.     Defendant's sale and continued sale of the 954 Showerheads is in willful, knowing disregard of the '954 Patent and intentionally induces infringement of the '954 Patent by purchasers.

**ANSWER:**     Denied.

25.     By selling the 954 Showerheads, and through its advertising and promotional materials and the instructions included with the 954 Showerheads, Defendant instructs and encourages purchasers to assemble, install and use on an ongoing basis the infringing shower products. Defendant's product listings and promotional materials encourage assembly, installation and use of the infringing products by, among other things, depicting the products fully assembled and installed, and promoting their functionality. Defendant's instructions included with the 954 Showerheads induce infringement by instructing purchasers to assemble, install and use the products. By their nature, the 954 Showerheads do not have substantial non-infringing uses. The components thereof cannot be assembled or combined into any ordinary or practical device that does not infringe the '954 Patent. Defendant sells the 954 Showerheads for the sole purpose of assembly, installation and use by purchasers and with the knowledge and intent that purchasers will thereby infringe the '954 Patent.

**ANSWER:**     Denied.

26.     On information and belief, Defendant imports and sells or has imported and sold other dual showerhead products that embody one or more of the claims of the '954 Patent.

**ANSWER:**     Denied.

27.     Defendant has engaged in the foregoing acts of infringement despite an objectively high likelihood that its actions constitute infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Defendant.

**ANSWER:**     Denied.

28.     At all relevant times, Interlink sells and has sold products that compete directly with Defendant's infringing dual showerhead products. As a result of Defendant's infringement Plaintiff has suffered direct competitive harm, loss of goodwill, and lost sales.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to

whether Interlink sells or sold products that compete with products sold by Defendant.

Defendant denies the remaining allegations contained in this paragraph.

29.     Defendant's infringement is ongoing and has injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further direct, contributory and induced infringement, including enjoining further sale of Defendant's infringing products.

**ANSWER:**     Denied.

## COUNT II
## CLAIM FOR INFRINGMENT OF U.S. PATENT NO. 7,299,510

30.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 29 as if fully set forth herein.

**ANSWER:**     Defendant repeats and realleges its answers to paragraphs 1 through 29 as if fully set forth herein.

31.     On November 27, 2007, United States Letters Patent No. 7,299,510 were issued to Pi Kuang Tsai ("Tsai"). In general terms, the '510 Patent describes an invention centering on a specific internal configuration of a water diverter combined with a showerhead holder.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32.     On November 17, 2015, Interlink acquired, by assignment from Tsai, all right, title and interest in and to the '510 Patent, including the right to sue for past infringement of the '510 Patent and collect damages associated with such infringement. The assignment has been recorded with the United States Patent & Trademark Office and Interlink remains the owner of all right title and interest in and to the '510 Patent. A copy of the '510 Patent is attached as Exhibit C.

**ANSWER:**     Defendant admits that papers purporting to be a copy of the '510 Patent are attached to the Complaint as Exhibit C.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

33.     Defendant's Easy Home "5 Function Showerhead Combo Kit" (bar code 041498248611) and "Rain Shower & 5 Function Handheld Combo Kit" (bar code 041498248604) sold prior to 2018, the holder/diverter sold with those models, and any other of Defendant's dual showerhead products employing holder/diverters that are identical or

equivalent to the holder/diverters used in the foregoing products embody the elements of at least claims 1, 2, 3, 4, 9, 10 and 11 of the '510 Patent. On information and belief, Defendant has sold other models of dual showerhead products that infringe the '510 patent. (All of the showerheads accused of infringement in this paragraph are hereinafter referred to as "the 510 Showerheads.")

**ANSWER:** Denied.

34.     Defendant has directly infringed the aforementioned claims of the '510 Patent by making, importing, using, selling and offering for sale the 510 Showerheads.

**ANSWER:** Denied.

35.     Defendant has further infringed and infringes the claims of the '510 Patent by inducing others, including purchasers to make, assemble, install and use the infringing products.

**ANSWER:** Denied.

36.     Through this Complaint, and through prior notice provided to Defendant, Interlink has notified Defendant of the '510 Patent and of the infringing nature of the 510 Showerheads.

**ANSWER:** Defendant admits that Plaintiff notified Defendant of the existence of the '510 Patent. Defendant admits that Plaintiff alleged that the 510 Showerheads infringed the '510 Patent. Defendant denies that the "510 Showerheads" infringed the '510 Patent.

37.     Defendant's sale and continued sale of the 510 Showerheads is in willful, knowing disregard of the '510 Patent and intentionally induces infringement of the '510 Patent by purchasers.

**ANSWER:** Denied.

38.     By selling the 510 Showerheads, and through its advertising and promotional materials and the instructions included with the 510 Showerheads, Defendant instructs and encourages purchasers to assemble, install and use on an ongoing basis the infringing shower products. Defendant's product listings and promotional materials encourage assembly, installation and use of the infringing products by, among other things, depicting the products fully assembled and installed, and promoting their functionality. Defendant's instructions included with the 510 Showerheads induce infringement by instructing purchasers to assemble, install and use the products. By their nature, the 510 Showerheads do not have substantial non-infringing uses. The components thereof cannot be assembled or combined into any ordinary or

practical device that does not infringe the '510 Patent. Defendant sells the 510 Showerheads for the sole purpose of assembly, installation and use by purchasers and with the knowledge and intent that purchasers will thereby infringe the '510 Patent.

**ANSWER:**   Denied.


39.    On information and belief, Defendant imports and sells or has imported and sold other dual showerhead products that embody one or more of the claims of the '510 Patent.

**ANSWER:**   Denied.


40.    Defendant has engaged in the foregoing acts of infringement despite an objectively high likelihood that its actions constitute infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Defendant.

**ANSWER:**   Denied.


41.    At all relevant times, Interlink sells and has sold products that compete directly with Defendant's infringing dual showerhead products. As a result of Defendant's infringement Interlink has suffered direct competitive harm, loss of goodwill, and lost sales.

**ANSWER:**   Defendant lacks knowledge or information sufficient to form a belief as to

whether Interlink sells or sold products that compete with products sold by Defendant.

Defendant denies the remaining allegations contained in this paragraph.


42.    Defendant's infringement is ongoing and has injured and will continue to injure Interlink unless and until this Court enters an injunction prohibiting further direct, contributory and induced infringement, including enjoining further sale of Defendant's infringing products.

**ANSWER:**   Denied.

WHEREFORE, Defendant, ALDI, INC., requests that the Complaint be dismissed with prejudice, that Plaintiff take nothing from this action, that Defendant be awarded its costs, and such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Michael J. Boxerman
Attorney for Defendant

Michael J. Boxerman  mboxerman@marcusboxerman.com
Anthony J. Kolt akolt@marcusboxerman.com
MARCUS & BOXERMAN
20 N. Clark Street, Suite 2500
Chicago, Illinois 60602
(312) 216-2720

COUNSEL FOR DEFENDANT

## **JURY DEMAND**

Defendant demands trial by jury.

Respectfully submitted,

/s/ Michael J. Boxerman
Attorney for Defendant

Michael J. Boxerman  mboxerman@marcusboxerman.com
Anthony J. Kolt akolt@marcusboxerman.com
MARCUS & BOXERMAN
20 N. Clark Street, Suite 2500
Chicago, Illinois 60602
(312) 216-2720

COUNSEL FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **INTERLINK PRODUCTS** | ) | |
| **INTERNATIONAL, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 18 CV 02344** |
| | ) | |
| | ) | **Hon. Jorge L. Alonso** |
| **v.** | ) | |
| | ) | |
| **ALDI, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ALDI INC.'S LOCAL RULE 3.2 STATEMENT**

Defendant, Aldi, Inc., has no publicly-held affiliates.

Dated: May 23, 2018

Respectfully submitted,

/s/ Michael J. Boxerman
Attorney for Defendant

Michael J. Boxerman  mboxerman@marcusboxerman.com
Anthony J. Kolt  akolt@marcusboxerman.com
MARCUS & BOXERMAN
20 N. Clark Street, Suite 2500
Chicago, Illinois 60602
(312) 216-2720

COUNSEL FOR DEFENDANT

<u>**CERTIFICATE OF SERVICE**</u>

        The undersigned, an attorney, hereby certifies that on May 23, 2018, he caused a copy of **ALDI, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND LOCAL RULE 3.2 STATEMENT** to be served in accordance with the General Order on Electronic Case Filing.


                          /s/ Michael J. Boxerman
                          Attorney for Defendant

Michael J. Boxerman  mboxerman@marcusboxerman.com
Anthony J. Kolt  akolt@marcusboxerman.com
MARCUS & BOXERMAN
20 N. Clark Street, Suite 2500
Chicago, Illinois 60602
(312) 216-2720

COUNSEL FOR DEFENDANT